Joseph A. Saraeite, J.
Defendant, under indictment for manslaughter in the first degree, moves to suppress, prior to trial, a statement made by him to the police and an Assistant District *732 Attorney some time after his arrest. He alleges that this statement was taken under circumstances making it inadmissible at the trial, and asks for a pretrial hearing to determine this issue. Although section 813-c of the Code of Criminal Procedure provides for pretrial hearings on motions to suppress evidence allegedly obtained by an unlawful search and seizure, neither this section nor any other statute provides for such hearings on the admissibility of statements made by a defendant to law enforcement officers. Moreover, the only New York case in which such a statement was suppressed prior to trial is the recent decision in People v. Logan (39 Misc 2d 593) a ease which cannot be used as authority for the granting of the relief requested here. There, a gun was seized without a search warrant and not as an incident to a lawful arrest. The only question was whether the defendant, who had told the police of the location of the gun, had done so voluntarily, so that the search and seizure could be held to have taken place with his consent. The court found that the consent to the search, which took the form of an acknowledgment of possession of the gun and a statement as to its present location, had been coerced, and was therefore no consent at all. The court’s finding that the defendant’s confession was coerced was a finding on an “ issue of fact necessary to determination of the motion ” (Code Grim. Pro., § 813-c). Under those circumstances, the confession itself, having been judicially determined to have been coerced, was suppressed, as was the weapon discovered as a result of the confession. In the present case, however, no issue of unlawful search and seizure has been raised, and thus there is no authority for the granting of a hearing prior to trial. The admissibility of the defendant’s statements must be determined at the trial, and not before. To hold otherwise, under the facts of this case, would be to sanction the use of a device which would cause an unnecessary fragmentation of the trial. The motion is denied.