■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD GRIFFITH MERZ, Appellant.— Appeal by defendant from a judgment of the

Supreme Court, Queens County, rendered October 11, 1963 on his plea of guilty (made by him after the denial of his motion to suppress evidence and to inspect the Grand Jury minutes), convicting him of forgery in the second degree, and imposing sentence. The defendant also appeals "from each and every intermediate order" made in the action. Judgment affirmed. On "a motion to suppress evidence the burden is on the defendant to sustain his claim of illegal search and seizure" (*People* v. *Entrialgo,* 19 A D 2d 509, 510–511; *People* v. *Lombardi,* 18 A D 2d 177, 181, affd. 13 N Y 2d 1014). Here, the defendant did not show that the confessions, which he sought to suppress, had been obtained as the result of being confronted with illegally seized articles. When a defendant claims that the confessions were not voluntary or that they were not lawfully obtained, or both, he must assert such claim upon the trial, not on a motion to suppress (cf. *People* v. *Rodriguez,* 11 N Y 2d 279; *People* v. *Simpkins,* 40 Misc 2d 731; *People* v. *Everett,* 10 N Y 2d 500, 507). No separate appeal lies from the intermediate order, which has been reviewed however, on the appeal from the judgment of conviction (see Code Crim. Pro., § 813-c; § 517, subd. 3). Beldock, P. J., Kleinfeld, Christ, Brennan and Hill, JJ., concur.